UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Ray Fleming, | ) | C/A No. 6:13-3375-MGL-JDA |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | of |
| | ) | Magistrate Judge |
| Greenville County, *SC*; | ) | for |
| Greenville County Sheriff's Office; | ) | ***Partial*** Summary Dismissal |
| City of Greenville, *South Carolina*; | ) | |
| Officer J. Gault, *Badge #80*; | ) | |
| Greenville County Detention Center, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

**BACKGROUND OF THE CASE**

Plaintiff is a pre-trial detainee at the Greenville County Detention Center.  In the above-captioned civil rights action, Plaintiff has brought suit against the County of Greenville, the Greenville County Sheriff's Office, the City of Greenville, Plaintiff's arresting officer, and the Greenville County Detention Center.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint [Doc. 1] reveals that this civil rights action arises out of use of a taser on Plaintiff.  The taser used on Plaintiff was confiscated from Plaintiff when he was arrested [*Id.* at 3].  In a separately filed order, service of process is being authorized upon Defendant  Officer Gault.  *See, e.g., Orem v. Rephann*, 523 F.3d 442, 446–47 (4th Cir. 2008).

## DISCUSSION

**Standard of Review for Pro Se Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true.  *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable.  *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009).  Even when considered under this less stringent standard, the Complaint is subject to *partial* summary

dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under Section 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage."

3

*Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

**Greenville County subject to Summary Dismissal**

The Complaint indicates that Plaintiff was tazed by an Officer employed by the Greenville County Sheriff's Office.  Greenville County is not responsible for actions of a deputy sheriff, who is hired and supervised by the elected Sheriff.  Sheriff's Departments in South Carolina are state agencies, not municipal departments.  *See* S.C. Code Ann. § 23-13-550 (Westlaw 2013); 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (Westlaw 2013), which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff; *see also Edwards v. Lexington Cnty. Sheriff's Dep't*, 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n.1 (2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); and *Allen v. Fid. and Deposit Co.*, 515 F. Supp. 1185, 1189–91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *aff'd*, 694 F.2d 716 (4th Cir. 1982) [Table].

Secondly, Plaintiff has failed to show that his tazing was the result of a governmental policy of Greenville County.  *See Los Angeles Cnty. v. Humphries*, 178 L.Ed.2d 460, 131 S.Ct. 447 (2010); and *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978).  Furthermore, the doctrine of respondeat superior (or supervisory liability) generally is inapplicable to § 1983 suits.  *See Monell v. Department*

4

*of Social Services*, 436 U.S. at 694; and *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142–43 (4th Cir. 1982), *abrogated on other grounds by Cnty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

**Greenville County Sheriff's Office is immune from suit**

As earlier stated, Sheriff's Departments in South Carolina are state agencies, not municipal departments.  *See* S.C. Code Ann. § 23-13-550.  As a state agency, the Greenville County Sheriff's Office is immune from suit under the Eleventh Amendment. *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").  Indeed, any damages to Plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund.  *Comer v. Brown*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").

**City of Greenville not responsible for tasing by Sheriff's Deputy**

The City of Greenville does not operate the Greenville County Detention Center or supervise Greenville County Sheriff's Deputies.  As a result, liability under § 1983 may not be imposed upon City of Greenville for actions of employees of other governmental agencies.  *See Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 U.S.Dist. LEXIS 54010, 2007 WL 2156632, at *2 (D.S.C., July 25, 2007) (citing *Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996)).

**Greenville County Detention not a person subject to suit under Section 1983**

The Greenville County Detention Center is a group of buildings or a facility. Inanimate objects − such as buildings, facilities, and grounds − do not act under color of

5

state law.  Hence, the Greenville County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (collecting cases); *cf. Roach v. West Virginia Reg'l Jail and Corr. Facility*, 74 F.3d 46, 48 (4th Cir. 1996) (the futility of a remand to West Virginia state court did not provide an exception to the "plain meaning" of old § 1447(c), even though West Virginia Regional Jail and Correctional Facility Authority was not a "person" subject to suit under 42 U.S.C. § 1983).  Therefore, the Greenville County Detention Center is entitled to summary dismissal as a party defendant.

## RECOMMENDATION

It is recommended that the District Court summarily dismiss Greenville County, the Greenville County Sheriff's Office, the City of Greenville, and the Greenville County Detention Center *without prejudice* and without service of process.

**Plaintiff's attention is directed to the Notice on the next page**.


December __, 2013                           Jacquelyn D. Austin
Greenville, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).