IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Anthony Ray Fleming, | ) | Case No.  6:13-cv-03375-MGL-JDA |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| v. | ) | |
| | ) | |
| Officer J. Gault,, | ) | |
| | ) | |
| Defendant[1]. | ) | |
| _____ | ) | |

This matter is before the Court on a motion for summary judgment filed by
Defendant.  [Doc. 68.]  Plaintiff is proceeding pro se and brings this civil rights action under
42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil
Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review all pretrial matters
in cases filed under 42 U.S.C. § 1983, and to submit findings and recommendations to the
District Court.

Plaintiff filed this action alleging Defendant used a taser device on Plaintiff while he
was in the Greenville County Detention Center.  [Doc. 1.]  Defendant filed a motion for
summary judgment on June 19, 2014.  [Doc. 68.]  By Order filed the same day, pursuant
to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the
dismissal/summary judgment procedure and the possible consequences if he failed to
adequately respond to the motion.  [Doc. 69.]  On September 5, 2014, Plaintiff filed a

_____

[1]The Complaint was brought against Greenville County, SC; Greenville County
Sheriff's Office; City of Greenville South Carolina; Officer J. Gault, Badge #80; and
Greenville County Detention Center.  [Doc. 1.]  All defendants except Officer Gault have
been dismissed from the action.  [Docs. 14, 30.]

response in opposition to Defendant's motion.[2]   [Doc. 85.]   Plaintiff filed additional

attachments to his response in opposition on November 10, 2014.  [Doc. 90.]   On

November 19, 2014, the Court directed the parties to file supplemental briefing addressing

whether Plaintiff exhausted his administrative remedies.  [Doc. 91.]  Defendant filed his

supplement on December 5, 2014 [Doc. 93], and Plaintiff filed his supplement on

December 18, 2014 [Doc. 94].  The motion is now ripe for review.

## BACKGROUND[3]

Plaintiff, who was a pretrial detainee at the Greenville County Detention Center

("GCDC") at the time he filed his Complaint,[4] alleges that he was arrested by Defendant

on March 13, 2013.  [Doc. 1 at 3.]  The arrest was based on active warrants, but during a

search incident to the arrest, Plaintiff was found to be in possession of marijuana and a

personal taser device.  [*Id.*]  Plaintiff was taken to GCDC by Defendant for intake and

processing.  [*Id.*]

---

[2]On August 4, 2014, because Plaintiff had not responded to the motion for summary judgment, the Court issued an Order allowing Plaintiff through August 25, 2014 to file his response.  [Doc. 80.]  On August 26, 2014, the Court received a letter from Plaintiff's brother, Frederick Allan Fleming, seeking forty-five days "to properly and adequately evaluate this case . . . because of [his] work schedule . . . ."  [Doc. 82.]  The brother also asserted that he had general power of attorney for Plaintiff and attempted to file a motion on Plaintiff's behalf.  [*Id.*]  The same day, the Court issued an Order that Frederick Allan Fleming could not litigate pro se the rights of Plaintiff.  [Doc. 83.]  The Order also allowed Plaintiff until September 15, 2014 to file his response to the motion for summary judgment.  [*Id.*]

[3]The facts included in this Background section are taken directly from Plaintiff's Complaint.

[4]Plaintiff is currently confined at the Ridgeland Correctional Institution.  [*See* Doc. 89 (most recent notice of change of address).]

Plaintiff alleges that he appeared before a female judge in July 2013, and then Defendant took Plaintiff to the intake section of GCDC where Plaintiff was taken through all intake procedures.  [*Id.*]  Around 1:00 a.m. on July 14, 2012,[5] Plaintiff was moved from a group cell and placed into a cell by himself.  [*Id.* at 3–4.]  Within one hour of being placed into the cell by himself, Defendant opened the door, or had someone open the door, to Plaintiff's cell.  [*Id.* at 4.]  Plaintiff alleges that he and Defendant exchanged words and then Defendant pulled out the taser device that was found on Plaintiff, pushed the taser device against the left side of Plaintiff's rib cage, and activated the device.  [*Id.*]  Plaintiff lost consciousness and awoke many hours later in the men's medical housing unit, where he was told that he had a seizure and was prescribed medications for people who are prone to have seizures.  [*Id.*]  Plaintiff alleges he had never had a seizure before and that on his wrist was a bracelet indicating he had been a patient at Greenville Hospital System.  [*Id.* at 5.]  Plaintiff alleges he submitted grievances about this incident and requested his records and other evidence, but his grievances were ignored, unanswered, or simply "vanished as if they never existed."  [*Id.*]

Plaintiff alleges these actions constitute:

    1)    cruel and unusual punishment

    2)    acts of hate and racial discrimination

    3)    excessive and unnecessary use of force

    4)    physical personal injury

    5)    mental anguish

---

[5]This date appears to be a scrivener's error because all other dates in the Complaint are in 2013.

3

6)  pain and suffering

7)  abuse of authority.

[*Id.*] Plaintiff seeks termination of Defendant's employment; termination of employment of any other GCDC employees who colluded or assisted Defendant; monetary damages in the amount of two million dollars for punitive damages, physical injury, mental anguish, pain and suffering, racial discrimination, and hate crime; and subpoenas for the preservation of evidence.  [*Id.* at 6.]

## APPLICABLE LAW

### Liberal Construction of Pro Se Complaint

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

4

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law.  Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage."  *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments.  This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted).  Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a

5

State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When

determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

7

> admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

Defendant argues he is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies.  [Doc. 68-1 at 6–7.]  The Court agrees.

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

As the Supreme Court observed:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Porter v. Nussle*, 534 U.S. 516, 524–25 (2002) (internal citations and quotations omitted). Consequently, the PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 524, 532. The exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

Exhaustion is defined by each prison's grievance procedure, not the PLRA; a prisoner must comply with his prison's grievance procedure to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). An inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002); *see also White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (upholding dismissal of an inmate's complaint because the inmate failed to proceed beyond the first step in the administrative grievance process). *But see Jones*, 549 U.S. at 219–24 (rejecting "total exhaustion rule" and holding that when presented with a complaint containing exhausted and unexhausted claims, courts should "proceed[] with the good and leave[] the bad"). Courts within the District of South Carolina have found an inmate exhausts his administrative remedies when he completes Step 2 of the South Carolina Department of Corrections ("SCDC") grievance procedure, and § 1997e(a) does not require inmates to further appeal to South Carolina's Administrative Law Court. *See, e.g.*, *Ayre v. Currie*, No. 05-3410, 2007 WL 3232177, at *7 n.5 (D.S.C. Oct. 31, 2007); *Charles v. Ozmint*, No. 05-2187, 2006 WL 1341267, at *4 (D.S.C. May 15, 2006).

9

Exhaustion is an affirmative defense; an inmate is not required to plead exhaustion in his complaint. *Jones*, 549 U.S. at 211–12; *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005). However, to survive a motion for summary judgment asserting he failed to exhaust, the inmate is required to produce evidence in response to the motion that refutes the claim that he failed to exhaust. *See Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010) (unpublished opinion) (holding that "to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial" (citing Fed. R. Civ. P. 56(e)(2))); *see also Celotex*, 477 U.S. at 323–24 (stating that once the party seeking summary judgment demonstrates there is no genuine issue of material fact, the non-moving party, to survive the motion for summary judgment, must demonstrate specific, material facts exist that give rise to a genuine issue).

With respect to this case, the record reflects that GCDC has a grievance procedure available to all detainees, which is set forth in the GCDC Inmate Orientation Handbook ("the Inmate Handbook") along with other rules governing detainees confined in GCDC. [Doc. 93-1 at 2 ¶ 4; 21.] All inmates booked into GCDC are provided a copy of the Inmate Handbook. [*Id.* at 2–3 ¶¶ 4–5; 8.] The grievance procedure provides that detainees should first explain the problem to the pod or housing officer; however, if the officer is unable to remedy the problem, the detainee should request an Inmate Request Form (502) and write "Grievance" on the top of the form. [*Id.* at 21.] The form should be given to an officer, who will forward it to the Watch Commander, who reviews the grievance and answers it if possible. [*Id.*] If the detainee is not satisfied or the Watch Commander cannot answer the

grievance, it will be forwarded to the Jail Administrator or another designee to review. [*Id.*] If the detainee remains unsatisfied, the decision may be appealed to the Assistant County Administrator for the Department of Public Safety. [*Id.*] Additionally, the Inmate Handbook provides that if a detainee feels an officer is harassing him, the detainee should first speak with the officer; if the actions continue, the detainee should notify the officer's supervisor by using an Inmate Request Form marked "Grievance." [*Id.*]

Grievance records indicate that Plaintiff filed twenty-eight grievances at GCDC between March 13, 2013 and December 23, 2013. [Doc. 68-3 at 36–69.] None of these grievances relate to the alleged use of a taser by Defendant. [*See id.*] Accordingly, Plaintiff has failed to exhaust his administrative remedies with respect to this claim.

In his Complaint and in his supplement, Plaintiff argues that he submitted grievances regarding the incident, but the grievances went ignored, unanswered, or vanished. [Docs. 1 at 5; 94 at 3–5.] Additionally, Plaintiff contends the Inmate Handbook is not given out at GCDC. [Doc. 94 at 3.] However, Scotty Bodiford, Jail Administrator at GCDC, avers that all inmates booked into GCDC are provided a copy of the Inmate Handbook, which includes the grievance procedure. [Doc. 93-1 at 2–3 ¶¶ 4–6.] Additionally, Jinny Moran, Records Custodian and Records Manager, avers that she has included all Inmate 502 forms filed by Plaintiff during 2013 and that none of these grievances allege excessive force by Defendant or any other officer. [Doc. 68-3 at 2, ¶ 9.] A review of these grievance forms confirms that none of them allege that Defendant or any other officer used a taser device on Plaintiff. [*See* Doc. 68-3 at 36–69.] Plaintiff has failed to offer any evidence to support his conclusory allegations and, therefore, has failed to

create a genuine issue of material fact to survive summary judgment. *See Malik v. Sligh*, Civil Action No. 5:11-cv-01064-RBH, 2012 WL 3834850, at *4 (D.S.C. Sept. 4, 2012) (holding that Plaintiff's self-serving contention that he submitted a grievance was "simply not enough to create a genuine dispute as to any material fact"). Accordingly, Defendant's motion for summary judgment should be granted based on Plaintiff's failure to exhaust administrative remedies.[6]

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that Defendant's motion for summary judgment be GRANTED.

_____

[6]If the district judge declines to adopt the undersigned's recommendation that summary judgment be granted based on Plaintiff's failure to exhaust administrative remedies, the undersigned recommends that the motion for summary judgment be denied with leave to refile to allow Defendant to address Plaintiff's claim regarding the use of a taser in March 2013. In his Complaint, Plaintiff alleges that Defendant used the taser device on July 14, 2012. [Doc. 1 at 3.] As previously noted, this date appears to be a scrivener's error because all other dates in the Complaint are in 2013. As such, in his memorandum in support of the motion for summary judgment, Defendant addressed Plaintiff's claim regarding the July 2013 date. [*E.g.*, Doc. 68-1 at 3 (stating "no person visited [Plaintiff] during the month of July 2013," "[Plaintiff] did not visit the medical unit on July 13, 14 or 15, 2013," and "[Defendant] was working a second job as private security on July 14, 2013").] In his response in opposition to the motion for summary judgment, Plaintiff appears to argue that the event occurred on March 13, 2013 [Doc. 85 at 1], and in his supplement, Plaintiff argues that medical records establish he was in the Greenville Hospital System from March 13, 2013 through March 15, 2013 [Doc. 94 at 1]. Because the date alleged in the Complaint appears to be July 2013, Defendant understandably focused his arguments and evidentiary support around that date and not around the March 2013 date. Again, Defendant has submitted evidence that Plaintiff filed no grievances anytime in 2013 related to the alleged tasing incident; therefore, the undersigned first recommends that the motion for summary judgment be granted based on Plaintiff's failure to exhaust administrative remedies. However, if the district judge declines to grant summary judgment based on Plaintiff's failure to exhaust administrative remedies, the undersigned recommends that Plaintiff be ordered to clarify the date of the alleged taser incident and that Defendant be allowed an opportunity to refile his motion for summary judgment with respect to the date Plaintiff specifies in response to the Court's order.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

February 4, 2015
Greenville, South Carolina