

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ANTHONY RAY FLEMING, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:13-3375-MGL-JDA |
| § | |
| OFFICER J GAULT, § | |
| Defendant. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 4, 2015, and the Clerk of Court entered Plaintiff's objections on February 18, 2015.  The Court has carefully considered the objections, but finds them to be without merit.  Therefore, it will enter judgment accordingly.

Plaintiff is a state prisoner incarcerated at the Ridgeland Correctional Institution of the South Carolina Department of Corrections.  This action arises out of Defendant's alleged use of a taser device on Plaintiff while Plaintiff was being held as a pretrial detainee at the Greenville County Detention Center in Greenville, South Carolina.  Plaintiff seeks both monetary and equitable relief.

According to Defendant, he is entitled to summary judgment inasmuch as Plaintiff failed to exhaust his administrative remedies as to the alleged taser incident.  Having reviewed the record before it, the Court agrees.

As the Magistrate Judge observed, "Section 1997e(a) of the Prison Litigation Reform Act . . . provides that 'no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'"  Report 8 (quoting 42 U.S.C. § 1997e(a)).  Here, there is no competent evidence before the Court demonstrating that Plaintiff exhausted his administrative remedies as to his taser claim.  In other words, "Plaintiff has failed to offer any evidence to support his conclusory allegations [that he submitted a grievance regarding the alleged taser event] and, therefore, has failed to create a genuine issue of material fact to survive summary judgment."  Report 11-12 (citing *Malik v. Sligh*, Civil Action No. 5:11-cv-01064-RBH, 2012 WL 3834850, at *4 (D.S.C. Sept. 4, 2012) (holding that Plaintiff's self-serving contention that he submitted a grievance was "simply not enough to create a genuine dispute as to any material fact") (citing *Riley v. Honeywell Technology Solutions, Inc.*, 323 Fed. App'x 276, 278 (4th Cir.2009) (holding that Plaintiff's "self-serving contentions" that he was treated unfairly "were properly discounted by the district court as having no viable evidentiary support"); *Nat'l Enters., Inc.*

*v. Barnes*, 201 F.3d 331, 335 (4th Cir.2000) (holding that a self-serving affidavit was insufficient to survive summary judgment)). For these reasons, the Court will grant Defendant's motion for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies.

After suggesting to the Court that Plaintiff should grant Defendant's motion for summary judgment, the Magistrate Judge instructed Plaintiff that he was allowed to

> file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. '[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."' *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). . . . **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Notice of Right to File Objections to Report and Recommendation 1.

Here, Plaintiff's objections are not specific. Instead, they generally consist of nothing more than conclusory assertions and allegations. Perhaps most telling of all, though, is that Plaintiff fails to object to the Magistrate Judge's suggestion that he failed to exhaust his administrative remedies in regards to the alleged taser incident. The closest that he comes to objecting is his conclusory allegation that he "put in many grievances that went unanswered, or they simply vanished." Objections 1. But, this assertion is not specific and is an insufficient basis on which to deny Defendant's motion for summary judgment.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein.

Therefore, it is the judgment of this Court that Defendant's motion for summary judgment is **GRANTED**.

    **IT IS SO ORDERED**.

Signed this 9th day of March, 2015, in Spartanburg, South Carolina.

                                                  s/ Mary G. Lewis
                                                  MARY G. LEWIS
                                                  UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.